Appellants' request for judicial notice is denied as moot.

**DISMISSED.**

Debra M. MORALES, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security,* Defendant–
Appellee.

No. 06–16858.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed Oct. 15, 2008.

---

* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commission-

er of Social Security. Fed R.App. P. 43(c)(2).

458

Joel F. Friedman, Jerome, Gibson & Stewart, Friedman & Stevenson, P.C., Phoenix, AZ, for Plaintiff–Appellant.

Jean M. Turk, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG and N.R. SMITH, Circuit Judges, and MILLS,** District Judge.

MEMORANDUM ***

Claimant Debra M. Morales ("Morales"), a diabetic suffering from several attendant illnesses, sought disability benefits and supplemental security income. An Administrative Law Judge ("ALJ") found Morales "not fully credible" and denied benefits. The district court affirmed.

■ Morales raises several issues on appeal. First, she argues that the ALJ erred by failing to ask a Vocational Expert to determine whether she had worked as a receptionist. The ALJ determination, however, was supported by substantial evidence and nothing suggests a need for a Vocational Expert.

Second, Morales asserts that the ALJ cited the wrong Dictionary of Occupational Titles provision for the receptionist job. This typographical error was harmless. *See Stout v. Comm'r of Social Sec. Admin.,* 454 F.3d 1050, 1055 (9th Cir.2006).

Next, Morales argues that the ALJ erred in rejecting her subjective symptom and attendant limitations testimony. Morales further contends that this improper rejection of testimony infected and invalidated the ALJ's residual functional capacity ("RFC") assessment. We agree.

"While an ALJ is responsible for determining the credibility of a claimant, an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons." *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir.2001) (citing *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick,* 157 F.3d at 722 (citations and internal quotations omitted).

■ In rejecting Morales' testimony, the ALJ relied on three grounds. First, he looked to a non-testifying, non-treating, non-examining State Agency physician's checklist. However, the checklist lacked both explanation and citation to the record, and therefore it does not provide a clear and convincing reason for the ALJ's adverse credibility determination. *See Celaya v. Halter,* 332 F.3d 1177, 1183–84 (9th Cir.2003).

Second, the ALJ relied on the lack of a "disability" determination in medical source statements. However, the absence of corroborating medical evidence, to the

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

extent it should be considered at all, is insufficient standing alone to reject Morales' subjective complaints about the severity of her symptoms when she has provided medical evidence of underlying impairments. *See Reddick,* 157 F.3d at 722 (citing *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir.1991) (en banc)).

■ Finally, the ALJ relied on medical improvement. Medical improvement is a clear and convincing reason for rejecting a claimant's testimony, *see* SSR 96–7p, but a finding of improvement must be supported by substantial evidence. *See Holohan,* 246 F.3d at 1207–08 (employing "substantial evidence" standard in medical improvement context). The ALJ found that Morales' condition had improved based on several pieces of evidence: (1) Morales' temporary weight loss, (2) a July 2003, statement that she was feeling well, and (3) a January 2003 examination showing a glucose level of 264, a creatine level of 1.4, and no edema. In light of the entire record, however, the ALJ's conclusion of medical improvement is not supported by substantial evidence. First, the ALJ did not explain why Morales' one-time drop to 169 pounds constituted improvement when Morales weighed over 250 pounds on every previous and subsequent occasion. Second, Morales' July 2003 statement that she felt "well" provides little evidence of improvement since she made a similar statement less than a week after leaving the intensive care unit. *See Kellough v. Heckler,* 785 F.2d 1147, 1153 (4th Cir. 1986) (finding "isolated references in physician's notes to 'feeling well'" was an insufficient basis for rejecting subjective limitations where "just one month before [the claimant] was hospitalized for open heart surgery, [she] also stated that she 'feels well'"), *cited with approval in Holohan,* 246 F.3d at 1205. Third, while the January 2003 examination shows a drop in

glucose levels from the 400–500 range to the high–200 to low–300 range, nothing suggests any concomitant alleviation of Morales' chronic renal insufficiency or other limitations. Indeed, Dr. Ferraro stated that a further change was necessary "to slow the progression of underlying diabetic nephropathy." (ER 96). The record also shows that many of Morales' conditions, such as proteinuria and anemia, either worsened or continued unabated. Given these shortcomings, the record does not provide substantial support for the ALJ's "medical improvement" finding.

In sum, the "medical improvement" finding is not supported by "substantial evidence" and the record lacks clear and convincing reasons for rejecting Morales' testimony. As such, the district court's judgment is reversed and remanded with instructions to remand to the Commissioner for further proceedings to determine Morales' credibility and to assess her RFC. Such proceedings may include, if necessary, additional factual development. The district court is affirmed on the remaining grounds. The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**